the master, until such report is confirmed, as well as filed, the deficiency is not payable under the decree; and consequently no execution can issue against the property of the defendant previous to that time.

Plea when double.

That a plea is not rendered double because it sets up two facts which go to establish but one point. That to render a plea double it is necessary it should set up two good defences to the bill.

Decretal order of the vice chancellor affirmed with costs.

*The Ontario Bank* v. *Abraham M. Schermerhorn et al.*—
A. TABER, for complainant; L. H. SANDFORD, for defend-

Effect of clerical mistakes in pleadings.

ants. Decided that the principle of the provision of the revised statutes which declares that mistakes in stating any day, month, or year, in any pleading or record which, according to law, could be amended by the court after verdict rendered in any cause, shall be disregarded upon the trial unless such mistake or variance be calculated to surprise or mislead the adverse party, and to prevent his making due preparation for a full answer on the merits to the matter concerning which such mistake shall have been made, (2 *R. S.* 407, § 79,) is applicable to this court as well as to courts of law, and that in a case where it is evident that that the adverse party could not have been misled by a mistake in a date, the complainants bill should not be dismissed, or the defendants defence rejected by reason of a clerical mistake, where, upon the face of the record the variance will not render the complainant's claim to relief, or the defendant's defence, bad in substance.

Usury.

That the taking of a compensation by a lender, for the difference in exchange where a loan is made in a draft on a distant place, and which is wanted for the purpose of being actually used there, and not as a mere cover for usury, is not illegal.

Right of a bank to give drafts on time.

" The prohibition in the safety fund law of 1829 is general, that no moneyed corporation, subject to the provisions of that act, shall issue any bill or note of the said corporation, unless the same shall be made payable on demand, and without interest (1 *R. S. 2d Ed.* 612, § 35.) The object of

the legislature in the adoption of this provision undoubtedly was to prevent the banks from issuing post notes or post bills of exchange, which might pass from hand to hand as a part of the circulating medium of the country. And experience has eften shown that the negotiable securities of banking institutions, in whatever form and for whatever purposes they may have been issued, will pass from hand to hand, as a substitute for money, so long as the banks which issued them continue to be in good credit. The only safe course, therefore, in construing this restrictive clause of the safety fund act, so as to guard against the mischief intended to be remedied thereby, and thus to carry into effect the intention of the legislature, is to give it a literal construction, so far as relates to negotiable bills and notes of every kind and description.—And the corresponding provision in the amendment of 1840, to the general banking law, *(Sess. Laws of* 1840, *p.* 306, § 4,) should receive the same literal construction to remedy the mischief against which that provision was directed.

But notes and drafts not negotiable, and which for that reason cannot be used or circulated as a substitute for money, although issued by banks in the course of their business, either as evidences of indebtedness to particular individuals, or other legitimate purposes, are clearly not within the mischiefs which the legislature intended to guard against by these prohibitory provisions, although the language used by the legislature is broad enough to cover that kind of securities also, if they assume the form of promisory notes or bills of exchange."

Decree appealed from affirmed with costs.

*The Georgia Lumber Company* v. *Joseph Strong et. al.* J. BLUNT, for complainants; E. FITCH SMITH, for defendant Bissell. Decided that though drafts drawn by a banking association payable at a future day are in direct violation of the 4th section of the act of May 1840, *(Laws of* 1840, *p.* 306,) yet if they are accepted by the drawee, and held by those who are not chargeable with notice that they were issued in violation of the statute, and without fraud, they may be recovered on in a suit against the acceptors.

*Validity of illegal drafts as against acceptor*